| | |
|---|---|
| Luis Arana Santiago<br>**Plaintiff**<br>VS.<br><br>Luis Tapia Maldonado, in his personal capacity;<br>José Heredia Rodríguez; Vivian Vélez Vera;<br>Marisol Díaz Ocasio<br><br>**Defendants** | Civil Num.: 19cv02128 (SCC)<br><br><br>RE: Constitutional Rights<br>Torts<br><br>Jury Trial Demanded |

**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE COURT:

Plaintiff, Luis Arana Santiago, litigating pro se, hereby alleges upon information and belief as follows:

## I. STATEMENT OF THE CASE

This case concerns an Administrative Complaint against the Plaintiff initiated by the defendants. Said Administrative Complaint, in its Informal Procedure phase, was investigated without Plaintiff's participation, in violation of the due process of law and in violation of university regulations. The evidence contained in the administrative docket supports that the defendants encouraged one of Plaintiff's female students to complain

against him for sexual harassment in a *Quid Pro Quo* fashion. That student failed the course she took from the Plaintiff and her final grade of (F) was later changed to a grade of (C) by the defendants without the participation of the Plaintiff, in violation to pertinent university regulations, specifically, in violation to Certification 40 of the Administrative Board of the University of Puerto Rico in Utuado. In addition, defendants changed the grade of seven (7) more students from (F) to (C), and later asked some of those students to testify against the Plaintiff at the Administrative Hearing, also in a *Quid Pro Quo* fashion.

After the Administrative Hearing ended, the Examining Officer recommended that all charges against the Plaintiff be dismissed, but defendant Luis Tapia- Maldonado, terminated the Plaintiff from his job anyway, having no legal basis to support it, in violation of due process of law.

## II. JURISDICTION

This complaint is brought under the Civil Rights Act, 42 USC §1983. This Court has **subject matter jurisdiction** to hear this case under Article III of the United States Constitution[1] and also under 28 USC §1331[2] and 1343 (a) (4)[3]. For the **supplemental** causes of action invoked under the Constitution of the Commonwealth of Puerto Rico, this Court

---

[1] U.S. Constitution, Art. III, §2, cl. 1, in pertinent part, states: "The Judicial Power shall extend to all Cases, in law and Equity, arising under this Constitution, the Laws of the United States…"

[2] **28 USC §1331** (Original Jurisdiction). The district courts shall have original jurisdiction of all civil actions arising under the constitution, laws, or treatises of the United States.

[3] Title 28 USC §1343 (a) states: "the district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person"; (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

has jurisdiction pursuant to 28 USC §1367 (a)[4]. For the causes of action regarding defendants' violations of University regulations and procedures, this court also has jurisdiction according to 28 USC §1367 (a). This court has **personal jurisdiction** over defendants according to Rule 4-k of Federal Rules of Civil Procedure[5] and Rule 3.1 (a) (1) of Puerto Rico Civil Procedure Rules[6]. **Venue** is appropriate in this Court pursuant to 28 USC §1391, as this action is brought in the judicial district in which the unlawful actions against Plaintiff occurred.

## III. THE PARTIES

### The Plaintiff

The Plaintiff **Luis Arana Santiago** is a tenured professor at the University of Puerto Rico in Utuado with more than 28 years of teaching experience at different local and United States universities. His contact information is:

> P.O. Box 500
> Orocovis, PR, 00720.
> arana2121@yahoo.com
> 787-624-9583.

### The defendants

Defendant **Luis Tapia Maldonado** (or rector) is the current rector of the University of Puerto Rico in Utuado. His contact information is:

---

[4] **28 USC §1367 (a)** (Supplemental Jurisdiction) [...] In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. [...]

[5] Rule 4-k: Territorial Limits of Effective Service: (1) *In General.* Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.

[6] **Rule 3.1 (a) (1) of Puerto Rico Rules of Civil Procedure states:** "The General Court of Justice shall have jurisdiction over any matter or controversy that arises within the territorial limits of the Commonwealth of Puerto Rico."

University of Puerto Rico in Utuado
PO Box 2500
Utuado, PR 00641
luis.tapia@upr.edu

Defendant **José Heredia Rodríguez** was the rector of the University of Puerto Rico in Utuado (UPRU) when the incidents that gave rise to the present Judicial Complaint happened. His last contact information is:

P.O. Box 16,
Utuado, Puerto Rico, 00641
jose.heredia1@upr.edu
(787) 204-5850

Defendant **Vivian Vélez Vera** was the acting dean of Academic Affairs at the time the Administrative Complaint against the Plaintiff was issued. She led the Informal Procedure of the investigation of the Administrative Complaint. Her last known contact information is:

#324 Reparto Lucker
Utuado, PR 00641
vivian.velez1@upr.edu

Defendant **Marisol Díaz Ocasio** was the Student Advocacy Officer at the time the Administrative Complaint against the Plaintiff happened. She participated in the Informal Procedure of the investigation of the Administrative Complaint. Her last known address is:

University of Puerto Rico in Utuado
PO Box 2500
Utuado, PR 00641.

## IV. THE FACTS

1. In the beginning of the second semester of the academic year 2017-2018, former acting Dean of Academic Affairs, Vivian Vélez-Vera, opposed the Plaintiff to teach a pre-calculus course because she wanted to choose the professor to teach it. That was against the

4

University Regulations, as she was **not supposed to intervene** in the academic program of the professors, as this was a matter to be resolved between the Director of the Natural Sciences Department and the Plaintiff[7]. The Plaintiff maintained himself teaching the course against her will because there is a University Certification[8] that positioned him as first choice to teach it. That incident between the Plaintiff and Vivian Vélez-Vera evolved into an accusation of sexual harassment against the Plaintiff, as we will explain later.

2. The last day for students to partially withdraw from their courses was May 24, 2018. By that date, all of the eight (8) students (students) enrolled in one of the courses the Plaintiff was teaching, namely, Mate 3012, had an (F) grade and their failure in the course was imminent.

3. Faced with this situation, the students went to Vivian Vélez-Vera to see if she could intervene with the Plaintiff so they did not have to fail the course. That same day, May 24, 2018, at 3pm[9], the students met with Vivian Vélez-Vera and Dr. María Rodríguez-Sierra to discuss the situation[10].

4. While that meeting was in progress, Vivian Vélez-Vera and María Rodríguez-Sierra **approached** the student Génesis Vélez-Feliciano (from now on referred also as Génesis or the student) and **asked her** to meet with them right after the meeting with all the students ended.

---

[7] As a matter of fact, it was the Director of Natural Sciences who included that course in plaintiff's teaching program.
[8] *Certification No. 82* of the Administrative Board of the University of Puerto Rico in Utuado (UPRU).
[9] The period for the students to withdraw the course expired that day at 5:00 pm.
[10] At the beginning of the meeting, the ex-Dean told the students that the purpose of the meeting was "to listen to their concerns, so that the corresponding actions can be taken."

5. Vivian Vélez-Vera and María Rodríguez-Sierra met with Génesis at 3:40pm. At that meeting, a complaint by Génesis against the Plaintiff happened, which later evolved into a sexual harassment complaint **and** eventually was used as the basis for the Administrative Complaint against the Plaintiff, issued by the acting Rector at the time, defendant José Heredia-Rodríguez, on behalf of the University of Puerto Rico in Utuado (UPRU).

6. In the evening of May 24, 2018, Vivian Vélez-Vera and María Rodríguez-Sierra also met with the Plaintiff to see if "something could be done" so that the students of Mate 3012 would not fail. The Plaintiff informed them that nothing could be done since each student's average grade was so low that they had no real chance of passing the course. Immediately after that, the meeting ended.

7. The students obtained a final grade of (F) in the course, but at the hearing, when asked by the legal counsel of UPRU about how the semester ended, the students revealed that the administrators had change their final grade of (F) to a final grade of (C).

8. That changed of grade mentioned by the students baffled everyone in the room, including the legal counsel of UPRU.

9. It is important to mention that this change of grade by the administrators was done **in violation** of Certification 40 of the Administrative Board of UPRU, and was never informed to the Plaintiff by the administrators.

10. Defendants Vivian Vélez-Vera and Marisol Díaz- Ocasio were mentioned by the students as having participated in the process of changing their grades.

What happened next?

11. Before those incidents with the students happened, the Plaintiff already had been assigned two (2) courses to teach for the summer of 2018. However, when defendant José Heredia-Rodríguez learned about the failure of the students in the course Mate 3012, he denied the Plaintiff the opportunity to teach summer school. That was an act of **reprisal** by defendant José Heredia-Rodríguez for the failure of the students of the Mate 3012 course and a **violation** of Certification 130 of the Governing Board of the University of Puerto Rico.

12. On December 16, 2018, the Plaintiff received the Administrative Complaint that serves as the basis for the present Judicial Complaint. By that date, the **Formal Procedure** of the investigation had already started, and by that date, defendant José Heredia-Rodríguez was no longer the rector at UPRU as he was asked to resign by the President of the University of Puerto Rico, Dr. Jorge Haddock Acevedo. He was succeeded by Dr. Luis Tapia Maldonado.

13. As we have mentioned before, defendants Vivian Vélez-Vera and Marisol Díaz-Ocasio participated in the **Informal Procedure** of the investigation. Vivian Vélez-Vera had a **prominent role** in the **Informal Procedure** of the investigation even though she was not supposed to participate in the investigation according to Certification 130[11].

14. Although Génesis Vélez-Feliciano completed the Title IX Complaint Form on June 5, 2018, the **Informal Procedure** of the investigation started on May 24, 2018 and ended on August 16, 2018 **without Plaintiff participation**.

---

[11] *Certification 130* (2014-2015) establishes the procedure to be followed in an investigation of sexual harassment at the University of Puerto Rico.

15. In his response to the Administrative Complaint, the Plaintiff requested the rector to dismiss it because the Plaintiff did not participate in the **Informal Procedure** as it was required by the **due process of law** and by *Certification 130.*

16. On January 30, 2019, the Plaintiff again asked the rector to dismiss the Administrative Complaint because of said violations to *Certification 130* and violations to due process of law. On March 7, 2019, the Plaintiff asked the Examining Officer to recommend the rector dismiss the Administrative Complaint because of said violations to *Certification 130* and violations to due process of law. The rector never answered Plaintiff's petition to dismiss the Administrative Complaint and this caused the Plaintiff to be **doubtful** about defendants' intentions. The Examining Officer said he would resolve Plaintiff's dismissal petition at the hearings.

17. Because the situation was turning **extremely suspicious**, the Plaintiff hired attorney Carlo Rivera Turner (legal counsel) as his legal counsel before the administrative forum.

18. Thereafter, Plaintiff's legal counsel found **more than twenty** violations to *Certification 130*, to the *General Regulations of the University of Puerto Rico* and to the due process of law that had been committed in the investigation of the Administrative Complaint up to that time.

19. In light of said violations, the Plaintiff, through his legal counsel, again asked the rector to dismiss the Administrative Complaint. This time the rector issued a brief and **insubstantial** answer in which he invoked the organic law of the University of Puerto

Rico, Law No. 1 of January 20, 1966, and the **power** given to him by that law to not dismiss it[12].

20. In the summer of 2019, the rector refused to assign courses to the Plaintiff as a consequence of the ongoing investigation of defendants against him. This was a violation of Certification 130 by the rector and a violation to Act No. 115 of Puerto Rico labor law against retaliation.

21. Sometime after January 15, 2019, the Plaintiff learned that the rector had **restricted** Plaintiff's entry to the University.

22. On two occasions, the university guards stopped the Plaintiff at the entrance to UPRU and escorted him on the way to his office.

23. On both occasions, a guard took the Plaintiff to his office in a "golf cart", causing embarrassment and humiliation to the Plaintiff. That was an attack on Plaintiff's reputation, in violation of Article II, Section 8, of the Constitution of the Commonwealth of Puerto Rico.

24. It should be mentioned that by September 2018, the complainant student had moved to the state of Texas in the United States. Therefore, the Plaintiff found no rationale, if there should have been any, for the rector to restrict his entrance to the University. Consequently, the Plaintiff formally asked the rector to inform him why he restricted his entrance to the University, **but the rector never answered**.

25. On August 24, 2019, the Plaintiff entered the University without being stopped by the university guards. That day, the hearing of the Administrative Complaint was scheduled, but

---

[12] He was acting under color of authority.

it was cancelled because there was a threat of a storm passing through Puerto Rico. Because the hearing was suspended, the Plaintiff went to greet some of his colleagues at the place where their offices were located. While talking to them, a private guard officer came and told the Plaintiff that on orders from the rector he had to leave the premises. The Plaintiff left in order to avoid difficult situations. This was a violation of Plaintiff's constitutional right to peaceful assembly as dictated by Article II, Section 4, of the Constitution of the Commonwealth of Puerto Rico and a violation of the first amendment to the Constitution of the United States of America.

26. Finally, on October 30, 2019, October 31, 2019 and November 1, 2019, the hearings on the Administrative Complaint were held. As witnesses against the Plaintiff, the UPRU presented three (3) of Plaintiff's former students from the Mate 3012 course students, to whom the administrators had illicitly changed their final grades from (F) to (C).

27. When Plaintiff legal counsel asked defendant Vivian Vélez-Vera about the change of grade to the students, he was objected by attorney Beatriz Torres-Torres, and the same happened when he asked defendant Marisol Díaz- Ocasio about the change of grade to the students. Her objection was sustained by the Examining Officer.

28. This, in turn, caused a tense situation between the Examining Officer and Plaintiff's legal counsel, and the latter told the Examining Officer that the purpose of the hearing was to **discover the truth** and by objecting to his line of questions, all he was doing was to interrupt that purpose. In spite of the big effort made by Plaintiff's legal counsel to continue

his line of questions to investigate the matter more thoroughly[13], the Examining Officer **did not allow him to do it**, in violation of due process of law.

29. It is worth mentioning, that Plaintiff's legal theory about the Administrative Complaint was, that it happened as a **consequence** of the failing of the students in the Mate 3102, and therefore, that it was **illegitimate**. Attorney Beatriz Torres-Torres was well aware this was the legal theory of the Plaintiff as it was mentioned in a preliminary meeting she had with Plaintiff legal counsel, and that legal theory was also contained in the report that these lawyers submitted together to the Examining Officer.

30. After the hearing ended, the Examining Officer submitted a report to the rector about his findings at the hearings. The Examining Officer found that the charges against the Plaintiff were not proven and consequently recommended the rector to dismiss all the charges against the Plaintiff in the Administrative Complaint. In addition, the Examining Officer found that the alleged conduct of the Plaintiff **was not sexual in nature** and the procedure outlined in *Certification 130* was not follow by the functionaries who participated in the investigation.

31. In spite of all the violations to *Certification 130*, violations to due process of law and the recommendation from the Examining Officer to dismiss the charges, as they were not proven at the hearings, the rector terminated the Plaintiff from his job anyway.

32. Recently, the Plaintiff learned that defendant José Heredia- Rodríguez appointed attorney Luis Sevillano- Sánchez as the Examining Officer to the Administrative Complaint well **before** the Informal Procedure had ended, acting in **violation** of Article XII of Certification

---

[13] Attorney Rivera Turner supported his allegations in Law No. 170, on Uniform Administrative Procedure, as to the relevance of a testimony because it could resolve a core issue of the dispute or reduce the credibility of the witness.

130. This shows that the rector knew that he was going to advance the investigation to the Formal Procedure, **regardless the findings** of the Informal Procedure of the Investigation.

## V. CAUSES OF ACTION

### First Cause of Action:

### 42 USC 1983

### Violations to Amendment XIV: Substantive Due Process

### (Against Defendant José Heredia-Rodríguez)

33. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-32 above, as if fully set forth herein.

34. Defendant José Heredia-Rodríguez denied Plaintiff the opportunity to teach summer courses in 2018. This was a violation to substantive and procedural due process of law to the Plaintiff which affected his property interest in teaching summer courses in 2018.

35. By denying Plaintiff the opportunity to teach summer courses in 2018, defendant José Heredia-Rodríguez made an **arbitrary** and **capricious** decision affecting Plaintiff's employment, therefore violating a well established **right**. See Newman v. Com. of Mass, 884 F.2d 19 (1st Cir. 1989). We must point out that said defendant's decision of not allowing the Plaintiff to teach summer school in 2018 was also a violation of *Article XIX of Certification 130*, which prohibits altering employment status of an individual for being part of a sexual harassment investigation. In pertinent part *Article XIX* establishes:

> "The University of Puerto Rico shall maintain a work and learning environment free from retaliations brought for someone being part of **an investigative or adjudicative proceeding**. In no case may an

individual be terminated, suspended, threatened, or discriminated against regarding the **terms, conditions**, location, **benefits**, or **privileges** of employment affecting his or her academic standing for having offered or given, verbally or in writing, any testimony, expression or information in a legislative, investigative or judicial forum regarding acts of sexual harassment. *Part A, Article XIX, Certification 130.*

36. Also, at the University of Puerto Rico in Utuado, **course assignment** is a matter to be decided between the Chairman of the Department that the professor works for and the professor himself, according to *Article 6* of *Certification No. 82 (2013-2014)* of the Administrative Board of the University of Puerto Rico in Utuado. In the summer of 2018, that decision should have been made by Professor **Jorge Torres-Bauzá** and not by defendant José Heredia-Rodríguez.

37. Because defendant José Heredia-Rodriguez's decision of not allowing the Plaintiff to teach summer school in 2018 was **arbitrary** and **capricious,** he violated a clearly established right. Therefore, he is **not entitled** to qualified immunity for this **substantive due process** constitutional violation.

**Second Cause of Action:**

**42 USC 1983**

**Violations to Amendment XIV: Procedural Due Process**

**(Against Defendant José Heredia-Rodríguez)**

38. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-37 above, as if fully set forth herein.

39. Defendant José Heredia-Rodriguez's **procedural due process** right violation is based on his decision of not allowing Plaintiff to teach summer courses in 2018.

40. Defendant José Heredia-Rodríguez did not give the Plaintiff **notice** and an opportunity for a **hearing** before he decided not to give the Plaintiff the opportunity to teach summer school in 2018. That action of said defendant was a violation of a well-established right with well-defined contours at the time that he denied the Plaintiff the opportunity to teach summer courses in 2018.

41. As it was stated in *Gorman v. University of Rhode Island*:

> "Notice and an opportunity to be heard have traditionally and consistently been held to be the essential requisites of procedural due process." Gorman v. University of Rhode Island, 837 F.2d 7 (1st Cir. 1988). See also Grannis v. Ordean, 234 U. S. 385, 234 U. S. 394 (1914).

42. In the specific context of a tenured Professor at a public institution of higher education, the First Circuit has expressed:

> "It is axiomatic that a tenured academic at a public institution of higher education has property rights which cannot be eviscerated without due process of law". Delwood C. Collins v. Manuel Marina-Martinez, 894 F.2d 474 (1st Cir. 1990). See also Perry v. Sindermann, 408 U.S. 593, 601, 92 S. Ct. 2694, 2699, 33 L. Ed. 2d 570 (1972); Board of Regents of State Colleges v. Roth, 408 U.S. 564 (1972); Newman v. Massachusetts, 884 F.2d 19, 23 (1st Cir. 1989).

43. Therefore, the decision of defendant José Heredia-Rodríguez of not giving the Plaintiff the option to teach summer courses in 2018 without giving him **notice** and an **opportunity** of a hearing constituted a violation of a well established right. Consequently, defendant José Heredia-Rodríguez is **not entitled** to qualified immunity for this procedural due process constitutional violation.

**Third Cause of Action:**

**42 USC 1983**

**Violations to Amendment XIV: Substantive Due Process**

**(Against Defendant Luis Tapia-Maldonado)**

44. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-43 above, as if fully set forth herein.

45. Defendant Luis Tapia-Maldonado first **substantive due process** right violation is based on his decision of not allowing Plaintiff to teach summer courses in 2019.

46. By denying the Plaintiff the opportunity to teach summer courses in 2019, defendant Luis Tapia-Maldonado had made an **arbitrary** and **capricious** decision affecting Plaintiff's employment conditions, therefore violating the Plaintiff a well established **substantive due process right**. See Newman v. Com. of Mass, 884 F.2d 19 (1st Cir. 1989). Because his decision was not taken for legitimate academic concerns nor was it supported by any **basis in fact**, his decision was **objectively arbitrary** and **capricious**. Consequently, defendant Luis Tapia-Maldonado is **not entitled** to qualified immunity for this substantive due process violation.

47. Because defendant Luis Tapia-Maldonado altered Plaintiff's employment conditions, he also violated *Article XIX of Certification 130* of the Governing Board of the University of Puerto Rico. In trying to justify his decision for not giving Plaintiff the opportunity to teach summer school in 2019, said defendant based his decision on another "unjustified" decision that he had previously made of suspending the Plaintiff from his job, although not suspending him from his salary.

48. That previous decision was related to the fact that the Plaintiff was part of an administrative investigation. However, both actions by said defendant altered Plaintiff's employment status, which is **a violation** to *Certification 130* as mentioned before. As stated previously, **course assignment** at the University of Puerto Rico in Utuado is a matter to be decided between the Chairman of the Department that the professor works for and the professor himself. In the summer of 2019, that decision was supposed to be made by professor **Carlos Rodríguez-Salaberry**. Altogether, that decision of said defendant not to give the Plaintiff the opportunity to teach summer courses in 2019 constituted two violations to University regulations.

**Fourth Cause of Action**

**42 USC 1983**

**Violations to Amendment XIV: Procedural Due Process**

**(Against Defendant Luis Tapia-Maldonado)**

49. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-48 above, as if fully set forth herein.

50. Defendant Luis Tapia-Maldonado's first **procedural due process** right violation is based on his denial to Plaintiff to teach summer courses in 2019.

51. Defendant Luis Tapia-Maldonado did not allow the Plaintiff to teach summer school in 2019. This action was taken without **notifying** the Plaintiff or giving him an opportunity for a **hearing**, in violation of a well-established right with well-defined contours at the time he made that decision. Consequently, he should have known that his action would violate Plaintiff's rights. Therefore, defendant Luis Tapia-Maldonado is **not entitled** to qualified immunity for this **procedural** due process violation.

**Fifth Cause of Action:**

**42 USC 1983**

**Violations to Amendment XIV: Substantive Due Process**

**(Against Defendant Luis Tapia-Maldonado)**

52. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-51 above, as if fully set forth herein.

53. Defendant Luis Tapia-Maldonado's second **substantive due process** violation is based on denying the Plaintiff campus entrance.

54. On January 18, 2019, defendant Luis Tapia-Maldonado restricted Plaintiff's entrance to the University of Puerto Rico in Utuado, affecting Plaintiff's liberty interest to enter a public place, which happened to be Plaintiff's workplace.

55. At the outset, we clarify that defendant Luis Tapia-Maldonado's entrance restriction to the Utuado Campus **is a violation** to the University General Regulations, which in pertinent part establishes that:

"The free access and exit of people from the facilities of the University and from the classrooms or buildings that are part of it will not be impeded at any time". *University of Puerto Rico General Regulations, Section 32.4.5.*

56. Federal courts recognize a protected liberty interest to **enter** and **remain** in a public place. See <u>Vincent v. City of Sulphur</u>, 805 F.3d 543, 548 (5th Cir. 2015) ("there is a general right to go to or remain on public property for lawful purposes"); <u>Kennedy v. City Of Cincinnati</u>, 595 F.3d 327, 336 (6th Cir. 2010) (Plaintiff had a liberty interest to remain in a public place); <u>Vasquez v. Rackauckas</u>,734 F.3d 1025, 1042-43 (9th Cir. 2013) (there is a liberty interest in "use of public places"). (*Our Emphasis.*)

57. By restricting Plaintiff's entrance to the University of Puerto Rico in Utuado, defendant Luis Tapia-Maldonado substantially altered Plaintiff's employment conditions because his decision also affected Plaintiff's access to his office, which in turn, affected Plaintiff's access to his property located in his office, including all of his work that is contained on the computer located in his office and all the educational material contained therein. Said defendant's actions were unrelated to academic concerns and were wholly unsupported by a rational basis in fact.

58. In addition, the fact that defendant Luis Tapia-Maldonado made the decision of restricting Plaintiff's entrance to the University of Puerto Rico in Utuado, disregarding pertinent University regulations, shows that said defendant acted with **deliberate indifference** of the consequences of his actions to the Plaintiff's rights. That action of said defendant was **arbitrary** and **capricious**, in violation of a well established right. <u>Newmann</u>

v. Comm. of Mass., *supra*. Consequently, said defendant is **not entitled** to qualified immunity for this **substantive due process** violation.

## Sixth Cause of Action

## 42 USC 1983

## Violations to Amendment XIV: Procedural Due Process

## (Against Defendant Luis Tapia-Maldonado)

59. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-58 above, as if fully set forth herein.

60. Defendant Luis Tapia-Maldonado's second **procedural due process** violation is based on denial to campus entrance.

61. The legal basis for this cause of action was explained previously. By denying the Plaintiff entrance to the University of Puerto Rico in Utuado, defendant Luis Tapia-Maldonado restricted a liberty interest of the Plaintiff. Because his decision was made without **notice** and **opportunity** for a hearing, defendant Luis Tapia-Maldonado violated a well established right at the moment he made that decision. Because he took no action that remotely could be thought of as being reasonable to avoid violating a well established right, he is **not entitled** to qualified immunity for this **procedural due process** violation.

## Seventh Cause of Action

## 42 USC 1983

## Violations to Amendment XIV: Substantive Due Process

## (Against Defendant Luis Tapia- Maldonado)

62. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-61 above, as if fully set forth herein.

63. Defendant Luis Tapia-Maldonado's third **substantive due process** violation is based on denial to stay on campus.

64. As we have mentioned before, Federal courts recognize a protected liberty interest to **enter** and **remain** in a public place. On two occasions, the private University guards asked the Plaintiff to leave the premises of the University of Puerto Rico in Utuado on orders from defendant Luis-Tapia Maldonado.

65. These actions of defendant Luis Tapia-Maldonado constituted a violation of a well established right to be in a public place with no basis in fact. Therefore, that action of said defendant was **arbitrary** and **capricious,** taken with **deliberate indifference** for Plaintiff's rights. Consequently, defendant Luis Tapia-Maldonado is **<u>not entitled</u>** to qualified immunity for this **substantive due process** constitutional violation.

**Eight Cause of Action:**

**42 USC 1983**

**Violations to Amendment XIV: Liberty Interest: Damage to Reputation**

**(Against Defendant Luis Tapia- Maldonado)**

66. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-65 above, as if fully set forth herein.

67. Defendant Luis Tapia-Maldonado's **<u>damage</u>** to Plaintiff's **<u>reputation</u>** is related to his denial to campus entrance to the Plaintiff.

68. On January 18, 2019, defendant Luis-Tapia Maldonado restricted Plaintiff's entrance to the University of Puerto Rico in Utuado without giving him **notice** of that restriction order. From a document related to the administrative hearing that was sent to the Plaintiff by the Examining Officer on February 26, 2019, the Plaintiff learned that his entrance to the University of Puerto Rico in Utuado had been restricted. On March 4, 2019, the Plaintiff sent a letter to defendant Luis Tapia-Maldonado asking for a copy of any order that he had issued regarding Plaintiff's entrance to the University of Puerto Rico in Utuado.

69. Defendant Luis Tapia-Maldonado never replied to Plaintiff's request. On June 12, 2019, a University guard stopped the Plaintiff at the entrance gate to the University. The Plaintiff asked the guard why he was not allowed to enter the University. The University guard guided the Plaintiff to a board where there was posted a letter regarding Plaintiff's entrance restriction to campus and the Plaintiff was able to read it. Moments later, the Plaintiff was taken to his office in a "golf cart" by another University guard, causing embarrassment and humiliation to the Plaintiff.

70. On February 27, 2020, the Plaintiff went again to the University, but that time he was allowed to enter campus with no restriction whatsoever, so the Plaintiff thought that the entrance restriction order was lifted. Sometime later, the Plaintiff needed to enter campus again, but that time he was stopped by a University guard again. The University guard showed the Plaintiff a second letter that was issued by defendant Luis Tapia-Maldonado regarding Plaintiff's entrance to the University that involved **<u>security</u>** issues.

71. With that action, defendant Luis Tapia-Maldonado **damaged Plaintiff's reputation** and **good name**. That incident was so embarrassing and humiliating that the Plaintiff decided not come to the University anymore until the administrative hearings started.

72. It is pertinent to be mentioned that by not giving a copy of the University entrance restriction order to the Plaintiff, defendant Luis Tapia-Maldonado **violated** *Certification No. 52* (2014-2015) of the Administrative Board of the University of Puerto Rico in Utuado, which requires that a copy of the document needs to be sent to third parties when that party's name is mentioned in the document. This action coupled with his refusal to send a copy of the entrance restriction order to the Plaintiff, even when he requested it, shows that defendant Luis Tapia-Maldonado acted with **deliberate indifference** to Plaintiff's rights.

73. By issuing an order to the University guards to restrict Plaintiff's entrance to the University **"for security reasons"**, defendant Luis Tapia-Maldonado **damaged** Plaintiff's liberty interest in preserving his good name and reputation. That constitutionally prohibited conduct of said defendant, coupled with his denial to Plaintiff's entrance to the University of Puerto Rico in Utuado, amounts to a **substantive due process** constitutional violation. See Cf. Rodríguez de Quinonez v. Perez, 596 F.2d 486, 487 (1st Cir. 1979), citing Dennis v. S. Cons. Rural High School District, 577 F.2d 338, 341 (5th Cir. 1978). See also, Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

74. Because defendant Luis Tapia-Maldonado's conduct was **arbitrary** and **capricious**, with no basis in fact to support it, and it was issued with **deliberate indifference** to Plaintiff's rights, said defendant is **not entitled** to qualified immunity for this constitutional violation.

**Ninth Cause of Action:**

**42 USC 1983**

**Violations to Amendment XIV: Substantive Due Process**

**(Against Defendants José Heredia-Rodríguez, Vivian Vélez-Vera and Marisol Díaz-Ocasio)**

75. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-74 above, as if fully set forth herein.

76. Defendants Vivian Vélez-Vera, Marisol Díaz-Ocasio and José Heredia-Rodríguez **deliberately intended to harm** the Plaintiff.

77. The Administrative Complaint **was the result** of the **dissatisfaction** of defendants Vivian Vélez-Vera, Marisol Díaz-Ocasio and José Heredia-Rodríguez for the failure of the students in the Math. 3012 course taught by the Plaintiff in the second semester of the academic year 2017-2018.

78. On the last day to withdraw from a course, the students of the Math. 3012 course met with defendant Vivian Vélez-Vera and Dr. María Rodríguez-Sierra to look "for alternatives" so they wouldn't have to withdraw from the course. On that meeting, defendant Vivian-Vélez Vera **asked** the student Génesis Vélez-Feliciano to meet with her and Dr. María Rodríguez-Sierra after the meeting ended. Out of that second meeting, a complaint by the student Génesis Vélez-Felciano against the Plaintiff emerged.

79. Even though the complaint by Génesis Vélez-Feliciano was an ordinary student complaint, Vivian Vélez-Vera and Marisol Díaz-Ocasio decided that it was a complaint of sexual harassment to harm the Plaintiff. As we had mentioned before, three (3) of Plaintiff's

former students from the Math. 3012 course testified against the Plaintiff and revealed that the administrators had changed their grade from (F) to (C) in the Math. 3012 course.

80. That baffled everyone at the hearings and **shocked** everyone in the room. Also, at the hearings, the students testified about Plaintiff's conduct in the classroom that they **had never before** reported to the University authorities. Even though the conduct alleged by the students was not of sexual nature, had it been true, it should have been bothersome enough to have been denounced by them to the University authorities at that time.

81. However, that did not happen. It was at the hearings that the students denounced Plaintiff's alleged conduct in the classroom for the first time, even though they testified at the hearings that it was happening "essentially every day" since the middle of March or "since the first day of classes", as one of the witnesses said.

82. Although the Plaintiff knew all along that the Administrative Complaint was intentionally purported to harm him, which by itself shocks the conscience, what really shocks the conscience is that by changing the students grades from (F) to (C), the administrators **suborned** the student Génesis Vélez-Feliciano into filing a sexual harassment complaint against the Plaintiff. Also, by changing the students grade from (F) to (C), the administrators **suborned** the testifying students to give a **perjured testimony** in their efforts to support their case against the Plaintiff.

83. Defendants José Heredia-Rodríguez, Vivian Vélez-Vera and Marisol Díaz-Ocasio are all implicated in these constitutionally prohibited actions, and together they collaborated to harm the Plaintiff. Related to this topic, in the case *Robert Depoutot v. John Raffaelly*, the First Circuit expressed:

"If any concept is fundamental to our American system of justice, it is that those charged with upholding the law are prohibited from deliberately fabricating evidence and framing individuals for crimes they did not commit. Actions taken in contravention of this prohibition necessarily violate due process (indeed, we are unsure what due process entails if not protection against deliberate framing under color of official sanction)". Robert Depoutot v. John Raffaelly,424 F.3d 112 (1st Cir. 2005); Limone v. Condon, 372 F.3d 39, 44-45 (1st Cir. 2004) [intentional framing of innocent citizens for serious crimes they did not commit].

84. "The Due Process Clause has both procedural and substantive components. In its procedural aspect, due process ensures that government, when dealing with private persons, will use fair procedures" . Robert Depoutot v. John Raffaelly, supra; Fuentes v. Shevin, 407 U.S. 67, 80-82, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972). In its substantive aspect, due process safeguards individuals against certain offensive government actions, notwithstanding that facially fair procedures are used to implement them. Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).

85. Defendants José Heredia-Rodríguez, Vivian Vélez-Vera and Marisol Díaz-Ocasio acted with **deliberate indifference** of the consequence of their actions to Plaintiff's rights. It shocks the contemporary conscience that the aforementioned actions of said defendants were done with actual malice and bad faith to intentionally harm the Plaintiff. Those actions are so outrageous and egregiously unacceptable that said defendants are **not entitled** to qualified immunity for this **substantive due process** constitutional violation.

**Tenth Cause of Action:**

**42 USC 1983**

**Supervisory Liability**

**(Against Defendants José Heredia-Rodríguez and Luis Tapia-Maldonado)**

86. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-85 above, as if fully set forth herein.

87. Defendant José Heredia-Rodríguez and Luis Tapia-Maldonado are liable for their encouragement, acquiescence and **deliberate indifference** for Vivian Vélez-Vera's and Marisol Díaz-Ocasio's violations of Plaintiff's rights related to their participation in the Informal Procedure of the administrative investigation.

88. Supervisory liability has two elements: firstly, the Plaintiff must show that one of the supervisor's subordinates abridged the Plaintiff's constitutional rights. United States Court of Raúl A. Guadalupe-Báez et al. v. Héctor Pesquera et al., No. 14-2304 (1st Cir. 2016); Pineda v. Toomey, 533 F.3d 50, 54 (1st Cir. 2008). Secondly, the Plaintiff must show that "the [supervisor]'s action or inaction was affirmative[ly] link[ed] to that behavior in the sense that it could be characterized as supervisory encouragement, condonation, or acquiescence or gross negligence amounting to deliberate indifference." Id. (alterations in original) (quoting Lipsett v. Univ. of P.R., 864 F.2d 881, 902 (1st Cir. 1988)). Mere negligence will not suffice: the supervisor's conduct must evince "reckless or callous indifference to the constitutional rights of others." Febus-Rodríguez v. Betancourt-Lebrón, 14 F.3d 87, 92 (1st Cir. 1994).

89. If a Plaintiff relies on a theory of deliberate indifference, a three-part inquiry must be undertaken. In the course of that inquiry, the Plaintiff must show (1) that the officials had

knowledge of facts, from which (2) the official[s] can draw the inference (3) that a substantial risk of serious harm exists. See <u>Ruiz-Rosa v. Rullán</u>, 485 F.3d 150, 157 (1st Cir. 2007).

90. However, "deliberate indifference alone does not equate with supervisory liability." <u>Figueroa-Torres v. Toledo-Dávila</u>, 232 F.3d 270 (1st Cir. 2000). Causation remains an essential element, and the causal link between a supervisor's conduct and the constitutional violation must be solid. <u>Ramírez-Lluveras v. Rivera-Merced</u>, 759 F.3d 10 (1st Cir. 2014). This causation requirement "contemplates proof that the supervisor's conduct led inexorably to the constitutional violation." <u>Hegarty v. Somerset County</u>, 53 F.3d 1367, 1380 (1st Cir. 1995).

91. Finally, "[T]he Plaintiff must show that the official had **actual** or **constructive** notice of the constitutional violation." <u>Rodríguez–García v. Miranda–Marín</u>, 610 F.3d 756, 768 (1st Cir.2010). *(Our Emphasis.)*

92. Defendant José-Heredia Rodríguez was the acting rector when Vivian Vélez-Vera and Marisol Díaz-Ocasio started the "investigation" of the student's complaint against the Plaintiff. As we stated before, defendants Vivian Vélez-Vera and Marisol Díaz-Ocasio **induced** one of Plaintiff's students to complain about him because they were dissatisfied with the failure of the students in the Math. 3012 course.

93. Thereafter, they "**motivated and guided**" the student to file a sexual harrasment complaint against the Plaintiff with the ill-intentioned purpose to damage his reputation and to have him discharged from his job at the University of Puerto Rico in Utuado. Defendant José Heredia-Rodríguez was **deliberately indifferent** to said defendants' violations to

Plaintiff's constitutional rights. Actually, he was himself angered with the Plaintiff for the students' failure in the course Math. 3012, as the Plaintiff noticed in a meeting that he had with defendant José Heredia-Rodríguez the day before summer school started in 2018.

94. A quick inspection of the report of the Informal Procedure submitted by Vivian Vélez-Vera and Marisol Díaz-Ocasio[14] to defendant José Heredia-Rodríguez, reveals that the Plaintiff did not participate in the Informal Procedure of the investigation. That should have alerted defendant José Heredia-Rodríguez that said defendants had violated procedural and substantive rights of the Plaintiff. Moreover, defendant José Heredia Rodríguez had the opportunity to realize that Plaintiff's alleged conduct that was used by Vivian Vélez-Vera and Marisol Díaz-Ocasio as basis for their "investigation" cannot support a sexual harassment accusation. Therefore, he had the opportunity to realize that said defendants' motives were constitutionally illegal and hence, he should not have advanced the investigation to the Formal Procedure. Instead of abandoning the investigation, defendant José Heredia-Rodríguez decided to **add** three (3) more charges against the Plaintiff that did not have any basis in fact whatsoever from the report that was submitted to him by said defendants.

95. Also, by not giving summer courses in 2018 to the Plaintiff, defendant José Heredia-Rodríguez showed **support** to Vivian Vélez-Vera's and Marisol Díaz-Ocasio's actions by **retaliating** against the Plaintiff, in violation to University regulations. He also hired attorney Luis Sevillano-Sánchez as the Examining Officer to the administrative procedures almost

---

[14] And Dr. María Rodríguez-Sierra.

two (2) and half months before he issued the Administrative Complaint, and two (2) weeks before the Informal Procedure had finished, in violation of Certification 130.

96. This action of said defendant shows his **deliberate indifference** to any of Plaintiff's exculpatory evidence that could have been in the report of the Informal Procedure. The following quote from the Administrative Complaint provides more support that defendant José Heredia-Rodríguez was part of this ill-intentioned conspiracy plan to harm the Plaintiff, and discharge him from his job:

> "The advocate for the students established some cautionary measures and <u>pertinent</u> arrangements were made for the student to end the semester". (*Our Emphasis*.) *Defendant José Heredia-Rodríguez, Administrative Complaint.*

97. The foregoing discussion shows that defendant José Heredia-Rodríguez was **aware** of and **supportive** of Vivian Vélez-Vera's and Marisol Díaz-Ocasio's actions, and shows that he was **deliberately indifferent** for their violations to Plaintiff's constitutional rights. Not only did defendant José Heredia-Rodríguez approve of Vivian Vélez-Vera's and Marisol Díaz-Ocasio's actions, but he participated himself in the ill-intentioned plan to harm the Plaintiff and having him discharged from his job. Consequently, defendant José Heredia-Rodríguez is liable and **not entitled** to qualified immunity for this constitutional violation. Finally, defendant Luis Tapia-Maldonado had the opportunity to correct Vivian Vélez-Vera, Marisol Díaz-Ocasio and José Heredia-Rodríguez actions when he became acting rector of the University of Puerto Rico in Utuado on November 12, 2018, instead, he decided to continue with the "investigation" and finally discharged the Plaintiff from his job, even though the Plaintiff was not found guilty by the Examining Officer. This action of said

defendant demonstrates that he had complete support for Vivian-Vélez-Vera's, Marisol Díaz-Ocasio's and José Heredia-Rodríguez's actions, therefore showing that he had deliberate indifference for the Plaintiff's rights. Consequently, defendant Luis Tapia-Maldonado is **not entitled** to qualified immunity for this constitutional violation. It is worth noticing that November 12, 2018, was the last day of Vivian Vélez-Vera's employment at the University of Puerto Rico in Utuado, which **coincided** with the date that defendant Luis-Tapia-Maldonado was nominated acting rector of the University of Puerto Rico in Utuado.

**Eleventh Cause of Action:**

**42 USC 1983**

**Equal Protection Clause**

**(Against Defendants José Heredia-Rodríguez and Luis Tapia-Maldonado)**

98. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-97 above, as if fully set forth herein.

99. In the summer of 2018, an administrative investigation against the Plaintiff was started by defendants Vivian Vélez-Vera and Marisol Díaz-Ocasio. That ex-parte investigation led to an Administrative Complaint for violation of University Regulations and "immoral" conduct according to defendant José Heredia-Rodríguez's "ethical" judgment. However, the Examining Officer found that such violations were not proven at the administrative hearing.

100. The following are factual violations and possible violations by each one of the defendants that should have warranted an investigation for violations to University Regulations. We list **some** violations to University Regulations made by some of the defendants, followed by a brief explanation.

## Defendant José Heredia-Rodríguez University Regulations violations

101. **Defendant José Heredia-Rodriguez's** Violation to Certification 130, Article XIX, Parts A and B.

> Part A-Prohibition of retaliatory acts because an employee is "participating" in An investigation.
>
> Part B-Supervisor must ensure that retaliatory acts don't happen.

**Brief Explanation**: Denial of Plaintiff's entitlement to teach summer courses in 2018 is a violation of Part A of Article XIX of Certification 130. Defendant José Heredia-Rodríguez was supposed be sure such retaliatory actions would not happen; however, he retaliated against the Plaintiff himself, in violation of Part B of Article XIX of Certification 130.

102. **Defendant José Heredia-Rodriguez's** Violation to Article 23, Certification No. 82 (2013-2014) of the Administrative Board of the University of Puerto Rico in Utuado.

**Brief Explanation**: By denying the Plaintiff the opportunity to teach summer courses in 2018, defendant José Heredia-Rodríguez violated Certification No. 82, as the Plaintiff complied with all the requisites listed in Certification No. 82, and therefore was entitled to teach summer courses in 2018.

103. **Defendant José Heredia-Rodriguez's** Violation to Article XII of Certification 130.

**Brief Explanation**: Article XII of Certification 130, requires that the Examining Officer is appointed **concurrently** with the issuance of the Administrative Complaint. However, defendant José Heredia-Rodríguez appointed the Examining Officer almost **two and a half months** before he issued the Administrative Complaint.

104. **Defendant José Heredia-Rodriguez's** violation to Certification 130, Article XI, Part B-2.

**Brief Explanation**: Article XI, Part B-2 of Certification 130 states the Administrative Complaint **must** contain a **specific description** of the legal and regulatory dispositions allegedly violated, and the disciplinary actions intended. In his Administrative Complaint, defendant José Heredia-Rodríguez charged the Plaintiff for violating Parts A-1, A-2 and B-3 of Article VIII of Certification 130, among other violations. These violations had to do with quid pro quo sexual harassment modality, but there was no allegation made by the complainant student or by the functionaries that participated in the Informal Procedure of the investigation to support those charges. In other words, there was not any evidence in the record to support those charges.

105. **Defendant José Heredia-Rodriguez's** violation to Section 35.2.16 of the General Regulations of the University of Puerto Rico: False accusations with the intention to harm an individual.

**Brief Explanation**: As we have explained before, in the Administrative Complaint, defendant José Heredia-Rodríguez charged the Plaintiff for violations to Parts A-1, A-2 and B-3 of Article VIII of Certification 130. These violations had to do with the modality of quid pro quo for sexual harassment, but there was no allegation made by the complainant student or by the functionaries who conducted the Informal Procedure to sustain those charges. Said defendant's actions were intended to harm the Plaintiff, acting with **deliberate indifference** of whether there was a basis in fact to prove those charges.

106. **Defendant José Heredia-Rodriguez's** violation to Article 6 of Certification No. 82 (2013-2014) of the Administrative Board of the University of Puerto Rico in Utuado.

**Brief Explanation**: Course assignment is a matter to be decided between the professor and the Chairman of the Department that the professor works for. However, defendant José Heredia-Rodríguez decided not to give the Plaintiff summer courses to teach in 2018, even though he was not the Chairman of the Natural Science Department, which is the Academic Department that the Plaintiff worked for.

107. **Defendant José Heredia-Rodriguez's possible violations** to the General Regulations of the University of Puerto Rico: Violation to section 35.2.18 - Conduct that under current law constitutes a crime; violation to section 35.2.12 - Altering official University documents at the University of Puerto Rico and violation to Certification 40 (2014-2015) of the Academic Senate of the University of Puerto Rico in Utuado.

**Brief Explanation:** In the Administrative Complaint, defendant José Heredia-Rodríguez made comments regarding "**some arrangements**" that had been made so that the complainant student could "finish the semester". At the hearings, the students testified that their final grade in the course Math. 3012 was changed from (F) to (C) by **administrators**. This scenario called for an administrative investigation about the role that defendant Jose Heredia-Rodríguez played, **if any**, in the illicit change of grades of the students in the Math. 3012 course that was taught by the Plaintiff on the second semester of the academic year 2017-2018.

108. It is pertinent to mention that altering official documents at the University of Puerto Rico, amounts to **at least two** violations of the General Regulations of the University of

Puerto Rico, namely, section 35.2.18 and section 35.2.18. This is so because altering official documents is **also** a violation of Law 14-2012 of Puerto Rico criminal code.

109. According to "El Nuevo Día" newspaper, March 3, 2020 edition, defendant José Heredia-Rodríguez was facing charges from the "Government of Puerto Rico Office of Ethics" for having used his position as interim rector of the University of Puerto Rico in Utuado to advance some personal interests. Similar and related violations were found by the "University Board of the University of Puerto Rico". This particular kind of conduct is subject to administrative investigation and possible disciplinary action according to section 32.2.8 of the General Regulations of the University of Puerto Rico.

110. Notwithstanding all the violations to University regulations that defendant José Heredia-Rodríguez has committed, actual and potentially, he had not been charged for any of those violations as far as the Plaintiff knows.

### Defendant Luis Tapia-Maldonado University Regulations violations

111. Defendant Luis Maldonado-Tapia Violation to Certification No. 82, Article 23 (2013-2014) of the Administrative Board of the University of Puerto Rico in Utuado.

**Brief Explanation:** Defendant Luis Tapia-Maldonado denied Plaintiff the opportunity to teach summer courses in 2019 in violation of Article 23 of Certification No. 82 (2013-2014) of the Administrative Board of the University of Puerto Rico in Utuado.

112. Defendant Luis Maldonado-Tapia Violation to Article 6 of Certification No. 82 (2013-2014) of the Administrative Board of the University of Puerto Rico in Utuado.

**Brief Explanation:** Defendant Luis Tapia-Maldonado decided not to give the Plaintiff summer courses to teach in 2019, even though he was not the Chairman of the Natural Sciences Department, in violation of Article 6 of Certification No. 82 (2013-2014) of the Administrative Board of the University of Puerto Rico in Utuado.

113. Defendant Luis Tapia-Maldonado violation to University of Puerto Rico General Regulations, Section 32.4.5 - Access to The University.

**Brief Explanation:** On January 18, 2019, defendant Luis Tapia-Maldonado restricted Plaintiff's entrance to the University of Puerto Rico in Utuado in violation of section 32.4.5 of the General Regulations of the University of Puerto Rico, which says that entrance to the University of Puerto Rico in Utuado could not be obstructed at any time.

114. Defendant Luis Tapia-Maldonado violation to the General Regulations of the University of Puerto Rico, Section 32.1- Freedom of expression and association.

**Brief Explanation:** Because defendant Luis Tapia-Maldonado restricted Plaintiff's entrance to the University of Puerto Rico in Utuado (UPRU), that restriction also affected Plaintiff's interest to talk to and associate with his fellow professors at UPRU. This was a violation of section 32.1 of the General Regulations of the University of Puerto Rico.

115. Defendant Luis Tapia-Maldonado violation to Section 32.4.10 of the General Regulations of the University of Puerto Rico - **Temporary** suspension of the rights mentioned in Article 32 of the General Regulations of the University of Puerto Rico.

**Brief Explanation:** Defendant Luis Tapia-Maldonado **indefinitely** restricted Plaintiff's entrance to the University of Puerto Rico in Utuado and also restricted Plaintiff's freedom of

expression and association, which are rights contained in Article 32. Said defendant's action was a violation of Article 32.4.10 of the General Regulations of the University of Puerto Rico.

116. Defendant Luis Tapia-Maldonado violation to Certification 130, Article XIX, Parts A and B.

Part A-Retaliatory acts Prohibited

**Brief Explanation:** Defendant Luis Tapia-Maldonado significantly altered Plaintiff's employment conditions. Firstly, he denied Plaintiff the opportunity to teach summer courses in 2019; secondly, he restricted Plaintiff's entrance to the University and consequently to his office. This was a violation of Certification 130, Article XIX, Part A.

Part B- Supervisor must be vigilant that retaliatory acts don't happen.

**Brief Explanation:** Because defendant Luis-Tapia Maldonado performed retaliatory acts against the Plaintiff while the Plaintiff was participating in an administrative "investigation", he violated Part B of Article XIX of Certification 130.

## Defendant Vivian Vélez-Vera's and Marisol Díaz-Ocasio's violations to University Regulations

117. Some of Vivian Vélez-Vera's and Marisol Diaz-Ocasio's violations to University regulations are mentioned before. Plaintiff incorporate them here by refrence.

## THE EQUAL PROTECTION CLAUSE

118. The Equal Protection Clause gives rise to a cause of action on behalf of a "class of one" where the Plaintiff does not allege membership in a class or group, but alleges that [he] she

has been intentionally treated differently from others similarly situated and that there is no rational basis for such treatment. Village of Willow book v. Olech, 528 U.S. 562; Sioux City Bridge Co. v. Dakota County, 260 U. S. 441.

119. [L]iability in the instant type of equal protection case should depend on proof that (1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person. Yerardi's Moody St. Restaurant & Lounge, Inc. v. Board of Selectmen, 878 F.2d 16 (1st Cir. 1989)(quoting LeClair v. Saunders, 627 F.2d 606, 609-10 (2d Cir. 1980)).

120. Section 35.2 of the General Regulations of the University of Puerto Rico list all the conducts that are subjected to administrative disciplinary actions. Violations to University regulations is one of them and is included in Section 35.2.19, specifically. As the Plaintiff mentioned at the beginning of this section, his charges in the Administrative Complaint were essentially based on violations to University regulations, and because of those charges, he had to go through an administrative process in which he was found not guilty, but was discharged anyway by defendant Luis Tapia-Maldonado.

121. As we have seen before, all of the defendants had violated University regulations several times. However, none of them have undergone an administrative process like the Plaintiff did. It **shocks the conscience** that the very same functionaries that had participated in issuing or investigating the Administrative Complaint against the Plaintiff, had violated University regulations themselves several times, but they haven't participated in any administrative investigative procedures like the Plaintiff did.

122. The previous discussion clearly shows that the Plaintiff had been **discriminated against** by defendants José Heredia-Rodríguez and Luis Tapia-Maldonado with no rational basis for that discriminatory treatment. Plaintiff's Administrative Complaint and discharge from his job was a maliciously orchestrated campaign to harm him and remove him from his tenured professorship position at the University of Puerto Rico in Utuado. There is abundant evidence in the administrative record to prove this, using as a **pretext** the charges contained in the Administrative Complaint.

123. For violations to the **Equal Protection Clause,** defendants Luis Tapia-Maldonado and José Heredia-Rodríguez are not entitled to **qualified immunity**.

**Twelfth Cause of Action:**

**42 USC 1985 (3)**

**Civil Rights Conspiracy (Against all Defendants)**

124. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-123 above, as if fully set forth herein.

125. Section 1985(3) of the Civil Rights Act of 1964 provides a civil remedy for conspiracies to interfere with constitutionally or federally protected rights when motivated by invidiously discriminatory animus. See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Under Section 1985(3), a plaintiff must show: (1) a conspiracy; (2) an act in furtherance of the conspiracy; (3) an intent to deprive any person of the equal protection of, or equal privileges and immunities under, the law; and (4) a resulting injury to a legal right or privilege. See Great American Federal Savings & Loan Assoc. v. Novotny, 442 U.S. 366, 373 (1979) (quoting Griffin v. Breckenridge, 403 U.S. 88 (1971) ).

126. As the Plaintiff has mentioned before, the Administrative Complaint was the result of a retaliatory effort started by defendants Vivian Vélez-Vera and Marisol Díaz-Ocasio for the failure of the students in the Math. 3012 course taught by the Plaintiff on the second semester of the academic year 2017-2018. Those retaliatory efforts and ill-intentioned motives were supported and continued by defendant José Heredia-Rodríguez and defendant Luis Tapia-Maldonado, who eventually discharged the Plaintiff from his job, finishing what defendants Vivian Vélez-Vera and Marisol Díaz-Ocasio had started in the summer of 2018. For this civil rights conspiracy, defendants are **not entitled** to qualified immunity.

**Thirteenth Cause of Action:**

**42 USC 1983**

**Amendment I: Peaceful Assembly**

**(Against Defendant Luis Tapia-Maldonado)**

127. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-126 above, as if fully set forth herein.

128. As was stated before, on August 24, 2019, the rector asked the private guards of the university to tell the Plaintiff that he **had to leave the premises**. By doing so, the rector violated Plaintiff's constitutional right to meet in a peaceful assembly. In addition to being a violation of a constitutional right, it caused embarrassment and humiliation to the Plaintiff before his fellow professors who were present when that happened.

# VI. SUPPLEMENTAL CAUSES OF ACTION

## Fourteenth Cause of Action:
## Puerto Rico Constitutional Rights
## Violations to Article II, (§7): Due Process of Law
## (Against Defendants José Heredia- Rodríguez and Luis Tapia-Maldonado)

129. This violation is supported from the facts and allegations contained in the First thorough seventh causes of actions contained herein. Consequently Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 33-65 above, as if fully set forth herein.

## Fifteenth Cause of Action:
## Puerto Rico Constitutional Rights
## Violations to Article II, (§4): Peaceful Assembly
## (Against Defendant Luis Tapia-Maldonado)

130. This violation is supported from the facts and allegations contained in the thirteenth cause of action contained herein. Consequently Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 127-128 above, as if fully set forth herein.

## Sixteenth Cause of Action:
## Puerto Rico Constitutional Rights
## Violations to Article II, (§8): Honor and Reputation
## (Against Defendant Luis Tapia-Maldonado)

131. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-130 above, as if fully set forth herein.

132. As we have mentioned before, Defendant Luis Tapia-Maldonado restricted Plaintiff's entrance to UPRU.

133. On January 15, 2019, Defendant Luis Tapia-Maldonado issued a letter in which he informed the Plaintiff that he was suspended with pay from his job for **security reasons**. That and abusive attack on Plaintiff honor and reputation by Defendant Luuis Tapia-Maldonado.

134. On January 18, 2019, the acting Dean of Administrative Affairs, Luis E. Ortiz-Ortiz, issued a letter to the University Guardians in which he informed that Defendant Luis Tapia -Maldonado was issuing an order to restrict Plaintiff entrance to the University.

135. On February 28, 2020, Defendant Luis Tapia-Maldonado issued a letter to the University Guardians in which he reiterates Plaintiff's prohibition order to UPRU. He asked the University Guardians to fully comply with the order, due to the fact that they were the personnel in charge of the **security** and **protection** of the university community. That was an abusive attack to Plaintiff honor and reputation, causing the Plaintiff more embarrassment and humiliation.

**Seventeenth Cause of Action:**
**Puerto Rico Civil Code**
**Article 1802**
**(Against all Defendants)**

136. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-135 above, as if fully set forth herein.

137. Article 1802 of the Puerto Rico Civil Code, in pertinent part establishes that:

"One, who by action or omission causes harm (damage) to another, because of fault or negligence, is obliged to repair the damage caused."

138. Defendant Vivian Vélez-Vera acting in a *Quid Pro Quo* fashion, **encouraged, supported and instigate** the student Genesis Vélez-Feliciano to complain about sexual harassment by the Plaintiff[15], willfully or negligently causing damage to his reputation and honor, and willfully or negligently causing him mental anguish and distress.

139. Defendants Vivian Vélez-Vera and Marisol Díaz-Ocasio willfully or negligently started an investigation on sexual harassment against the Plaintiff based on an ordinary complaint by a student that **did not involve sexual conduct** as it was proven at the hearings, causing the Plaintiff to go through an unnecessary administrative process in which he eventually lost his job[16].

140. Defendants José Heredia-Rodríguez and Luis Tapia-Maldonado willfully, negligently and with deliberate indifference decided to continue an investigation of a complaint on sexual harassment even though the allegations made by the student against the Plaintiff **were not sexual** in nature. That wrongful action by said defendants caused mental anguish, emotional damage, and monetary damages to the Plaintiff. It also caused damage to Plaintiff's reputation and honor.

141. Defendant Luis Tapia, acting by **color of authority**, willfully or negligently, and with total disregard of Plaintiff's right to due process of law decided to **terminate** the Plaintiff from his job at the University of Puerto Rico for violations to the University Policy on

---

[15] This will be proven at trial.
[16] The Administrative hearing was <u>**just a formality**</u> with no potentially favorable results for the plaintiff.

Sexual Harassment, even though there was not sexual conduct contained in the allegations of the student against the Plaintiff and the charges against the Plaintiff were not proven at the hearings.

142. Defendants Vivian Vélez-Vera and Marisol Díaz-Ocasio did not give the Plaintiff participation in their investigation. Hence, they acted with reckless, careless disregard and deliberate indifference of whether the student's allegations were true or not. They did not interview the Plaintiff or give him opportunity to contradict the student's allegations, consequently denying Plaintiff's right to due process and acting partially and biased against the Plaintiff.

143. Defendants Vivian Vélez-Vera, Marisol Díaz-Ocasio and José Heredia-Rodríguez willfully, purposely and with total disregard for the consequences of their actions, encouraged, guided, and enticed the student Génesis Vélez- Feliciano to complain about the Plaintiff for sexual harassment. Specifically, they changed her grade from (F) to (C) in the course Génesis was taking from the Plaintiff in exchange for her to complaint against the Plaintiff for sexual harassment. They also willfully changed the grades from (F) to (C) to the three students that came to testify against the Plaintiff at the hearing to assure the students will testify against the Plaintiff at the hearing, and consequently will help them to accomplish their plan to terminate the Plaintiff from his job.

144. Defendant Luis Tapia-Maldonado willfully or negligently continued the investigation to the Formal Procedure, causing emotional and mental anguish to the Plaintiff, when he knew or should have known that there **was not sexual conduct** alleged by the complainant student and the investigation was carried out with reckless disregard to Plaintiff's right to due

process of law, and the functionaries that carried out the Informal Procedure did not follow *Certification 130* guidelines on how to investigate a sexual harassment complaint at the University of Puerto Rico. Defendant Luis Tapia-Maldonado **willfully** advanced the investigation to the Formal Procedure in order to harm the Plaintiff by eventually terminating him from his job.

145. Defendant Luis Tapia **willfully or negligently** advanced the investigation to the Formal Procedure when he knew or should have known that the Administrative Complaint was **illegitimate** as he knew or should have known that:

    (i)     Defendant José Heredia-Rodriguez's administration helped both the complaining student and the students that came to the hearing to testify against the Plaintiff to pass the class even though she and those students had failed the class.

    (ii)    Marisol Díaz-Ocasio lied to the students when she said that University Regulations allowed the administrators to change the student's grades when the professor did not discuss the syllabus of the course at the beginning of the semester or did not give back students grades on time. This should have been a warning sign to Defendant Luis Tapia-Maldonado that the Administrative Complaint against the Plaintiff was illegitimate and hence should have dismissed the Administrative Complaint.

146. Defendant José Heredia-Rodríguez willfully or negligently accused the Plaintiff of *Quid Pro Quo* sexual harassment in his Administrative Complaint. That wrongful action was done with actual malice to cause harm to the Plaintiff, as there were not any *Quid Pro*

*Quo* allegations made by the complainant student, nor were there such allegations in the Informal Procedure Report.

147. Defendants Vivian Vélez-Vera and Marisol Díaz-Ocasio carried out the Informal Procedure of the investigation with egregious negligence and complete disregard about the procedure to be followed in the investigation of a sexual harassment complaint at the University of Puerto Rico as outlined in *Certification 130*. That wrongful action of said defendants was unfair to the Plaintiff and caused him mental anguish and despair when he learned that the Formal Procedure had already started without him having participated in the Informal Procedure of the investigation. This was a violation of Plaintiff's right to due process of law and a violation to Plaintiff's rights given by University Regulations.

148. Defendant José Heredia-Rodríguez was negligent when he issued the Administrative Complaint against the Plaintiff, as he did not check whether the functionaries that carried out the Informal Procedure followed the guidelines specified in *Certification 130* on how to investigate a sexual harassment complaint in the University of Puerto Rico. He willfully or negligently advanced the investigation to the Formal Procedure and pressed charges on the Plaintiff for violations to *Certification 130* when there were not sexual conduct allegations in the student complaint. In addition, as we have said, he **intentionally** and **maliciously** added three charges of *Quid Pro Quo* sexual harassment against the Plaintiff, even when there was no evidence on record to support them.

149. Defendant Luis Tapia-Maldonado willfully or negligently issued an order restraining Plaintiff entrance to the University for **security reasons**. This wrongful action of said defendant caused embarrassment, humiliation and damage to Plaintiff's reputation and

honor. On June 12, 2018 and on August 16, 2018, the Plaintiff was stopped at the university entrance by university guards and was taken inside campus in a "golf cart". On August 24, 2018, said defendant ordered the private guards to ask the Plaintiff to **leave campus** while the Plaintiff was talking to some of his colleagues, causing the Plaintiff embarrassment and humiliation and more damage to his reputation.

150. All defendants willfully or negligently have attacked and damaged Plaintiff's honor and reputation by issuing or continuing with the investigation of a frivolous or illegitimate complaint of sexual harassment against the Plaintiff, absent of sexual conduct.

151. Defendant José Heredia-Rodríguez willfully or negligently did **not inform** the Plaintiff **in advance** of his decision to not offer him summer courses to teach in 2018, causing the Plaintiff **monetary damages** as the Plaintiff lost his opportunity to teach summer school at other universities[17].

152. As a consequence of defendants' wrongful actions, all defendants have damaged Plaintiff's honor and reputation and have caused the Plaintiff embarrassment and humiliation.

153. As a consequence of defendants' wrongful actions, Plaintiff has suffered emotional damage and mental anguish and distress.

154. As a consequence of defendants' wrongful actions, the Plaintiff has suffered monetary damages, including loss of income and attorney fees in the Administrative Procedure.

155. All defendants acted objectively, unreasonably and willfully, maliciously and/or with reckless disregard of the consequences of their actions by issuing and/or continuing with an

---

[17] The plaintiff learned that he did not have summer courses assigned the day before summer school started, and that happened because the plaintiff went to the university to find out.

illegitimate sexual harassment complaint. Accordingly, Plaintiff is entitled to compensatory damages, punitive damages, attorney fees, and any other form of relief allowed by law.

156. All defendants are liable to the Plaintiff for **compensatory** and **punitive** damages under 42 USC 1983 for acting under color of authority and also they are liable to the Plaintiff under Article 1802 of Puerto Rico Civil Code for the violations to his constitutional rights and by tortious acts to the Plaintiff they have committed.

157. Plaintiff is entitled to recover compensatory and punitive damages from the defendants, as the evidence on record shows, that all of them were motivated **by wrongful, malicious or negligent intent** to terminate the Plaintiff from his job[18].

**Eighteenth Cause of Action:**
**Violations of Rights Guaranteed by University Regulations**
**(Against all Defendants)**

158. *Certification 130* of the Governing Board of the University of Puerto Rico (2014-2015) creates a cause of action for the victims of sexual harassment or the victims of retaliation at the University of Puerto Rico. For imperative of due process of law, *Certification 130* also delineates the procedure to be followed to investigate such complaints. Because of its binding to the due process clause, its observance is warranted[19]. The following are some violations to the procedure outlined in *Certification 130* during the investigation of the Administrative Complaint against the Plaintiff followed by a brief explanation.

---

[18] The fact that the rector did not accept the Examining Officer recommendation to dismiss the charges strongly support it.
[19] "Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures." Morton V. Ruiz, 415 US 199 (1974); United States v. Nixon , 418 US 683 (1974). "Rules are designed to protect the alien and afford him due process of law" by providing "safeguards against essentially unfair procedures". Bridges v. Wixon, 326 US 135, 152-53 (1945).

## Article IX-Informal Procedure

> Section C. The student should complain to the Office of Student Advocacy or to the Dean of Students. *Certification No. 130, Article IX, Informal Procedure, Part C.*

159. **Explanation**: The student went to complain to Vivian Vélez-Vera at the **Office of Academic Affairs.** And it was she who led the investigation right from the beginning all the way until the Informal Procedure finished, even though she was not supposed to participate in the investigation according to *Certification 130*. It is worth remembering that the dean had a disagreement with the Plaintiff at the beginning of the semester when the incidents that led to the Administrative Complaint happened. *See items two (2) and three (3) of this document.*

> Section H. The investigation shall include sworn statements by the complainant and by the person against whom the complaint is filed and any person who knows part or all of the alleged facts [...]. *Certification No. 130, Article IX - Informal Procedure, Part H.*

160. **Explanation:** The Plaintiff was never asked to submit an affidavit or any sworn statements about the incidents.

> Section I. The person against whom a complaint is filed will be given opportunity to be informed about the allegations against him, state his position and defenses. [...]. *Certification No. 130, Article IX - Informal Procedure, Part I.*

161. **Explanation:** Once again, the Informal Procedure was conducted without Plaintiff's participation. Therefore, the Plaintiff did not know that there was an investigation against him about sexual harassment; much less had he the opportunity to defend himself against the allegations made by the student.

> Section K. The investigation must be initiated within a reasonable period, which should not be more than seven (7) working days to ensure the prompt resolution of the complaint. Within a reasonable period, not more than fifteen (15) working days, except in exceptional circumstances, the office in charge of the situation, as the case may be, shall report to the appointing authority with the result of the investigation and its recommendations. *Certification No. 130, Article IX - Informal Procedure, Part* K.

162. **Explanation**: The report of the Informal Procedure was submitted to the ex-rector eighty-four (84) days after the investigation began.

## Article XIX-Retaliation

> Section A. The University of Puerto Rico will maintain a work environment and studies **free from retaliation** because of initiating or participating in investigative or adjudicative procedures. In no case may a person be dismissed, suspended, threatened or **discriminated** against in relation to the terms, conditions, location, benefits or privileges of employment or studies for offering or attempting to offer, verbally or in writing, any testimony, expression or information before a legislative, investigative or judicial forum on alleged acts of Sexual Harassment. *Certification No 130, Article XIX- Retaliation - Part A. (Our Emphasis.)*

163. **Explanation**: Both the ex-rector and the rector, did not give the Plaintiff summer courses to teach in the summers of 2018 and 2019, respectively, in retaliation because the Plaintiff was participating in an investigation.

### Article X-General Provisions

Section K. Any party that participates in a process to resolve a complaint of sexual harassment or any complaint, whatsoever, will be informed by the person conducting the investigation of his/her rights under applicable laws and regulations. *Certification No.130, Article X, General Provisions, Part K.*

164. **Explanation**: The Plaintiff was never informed about his rights.

### Article XI-Formal Procedure

Section G-3. Any other measure that is necessary under the particular circumstances of the case [to protect the complainant]. For the adoption of those measures, the interest of the complainant person shall be taken into account. [...] *Certification No.130, Article XI - Formal Procedure Part G-3.*

165. **Explanation**: The rector's "entrance restraining order" imposed upon the Plaintiff did not take into account the student's interest because at that time she was not attending the University of Puerto Rico in Utuado and had moved to the United States. So far, the Plaintiff does not know why the rector restricted his entrance to the University.

## VIOLATIONS TO UNIVERSITY GENERAL REGULATIONS

*Section 35.1.5.* "When the conduct of a member of the university staff could result in a disciplinary action, the case will be promptly investigated to determine the veracity of the acts imputed and the possible existence of mitigating or aggravating circumstances." *General Regulations of the University of Puerto Rico, Section 35.1.5.*

166. **Explanation**: As we have indicated, the Plaintiff was not invited to participate in the Informal Part of the investigation. The functionaries in charge of the Informal Procedure were negligent and/or careless about whether the student's allegations were true or not, and if the Plaintiff could offer contradictory defenses.

> *Section 35. 2.19* - Violations of the University Law, the provisions of these Regulations and other university regulations. *General Regulations of the University of Puerto Rico, Section 35.2.19.*

167. **Explanation:** There were more than twenty violations to University Regulations by the functionaries that investigated the Administrative Complaint.

## VII. ARGUMENT

168. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-158 above, as if fully set forth herein.

169. As we have stated in the paragraphs above, the Administrative Complaint against the Plaintiff happened as a direct consequence of the students' failure in one of his courses and was motivated by wrongful intent. This is partially supported by the fact that the university administrators altered the students' final grades[20] in violation of the University Regulations. That action was taken under color of authority and undermined Plaintiff's right to issue the final grades in his own courses. Also, it is very possible that this action of the Administrators constituted fraud to the U.S. Department of Education.

---

[20] At the hearing of the Administrative Complaint, the students identified defendant Vivian Vélez and Marisol Díaz as two of the functionaries that participated in that change of grades.

170. Defendants Vivian Vélez-Vera and Marisol Díaz-Ocasio along with María Rodríguez-Sierra concluded in their report of the Informal Procedure that the Plaintiff was guilty of sexual harassment, even though they never invited the Plaintiff to participate in the investigation. They reached that conclusion without any reference to the standard set out by the Office of Civil Rights (OCR) of the U.S. Department of Education, the Equal Employment Opportunity Commission or the Supreme Courts of the United States and Puerto Rico. Ironically, as they had claimed, that investigation was related to Title IX, and it is the OCR, the Federal Government Instrumentality in charge of enforcing Title IX Act.

171. The previous discussion supports the conclusion that the Administrative Complaint was illegitimate and it was the defendants' willful act of **retaliation** against the Plaintiff for his academic standard of not being willing to pass failing students.

## VIII. PRAYER FOR RELIEF

WHEREFORE, and for the foregoing reasons, the Plaintiff, Luis Arana Santiago, request this Court that judgment be entered against defendants:

172. **Ordering** defendant José Heredia-Rodríguez to pay the Plaintiff $11,500 in compensatory damages for not allowing him to teach summer courses in 2018 while he was acting under color of authority and did it without due process.

173. **Ordering** defendant Luis Tapia-Maldonado to pay the Plaintiff $11,500 in compensatory damages for not allowing him to teach summer courses in 2019 while he was acting under color of authority and did it without due process.

174. **Ordering** the defendants to pay $10,000 in compensatory damages for attorney fees in the administrative process.

175. **Ordering** the defendants to pay the Plaintiff $800,000 in **compensatory damages** for all violations under Article 1802 of Puerto Rico Civil Code and for 42 USC 1983 violations and for their egregious indifference to the Plaintiff's right to due process of law and damage to his reputation.

176. **Ordering** the defendants to pay the Plaintiff $800,000 in **punitive damages** for the mental anguish, anxiety, insomnia, mental distress and injury to his reputation caused by their actions.

177. **Ordering** the defendants to pay the Plaintiff attorney fees according to 42 USC 1988[21].

### **Demand For Jury Trial**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff, Luis Arana Santiago, demands trial by jury in this action of all issues so triable.

December 1, 2020.
RESPECTFULLY SUBMITTED.

Luis S Arana Santiago
PRO SE[22]
P.O. Box 500
Orocovis, PR, 00720
arana2121@yahoo.com
(787) 624-9583

---

[21] Attorney fees are available under 42 USC 1988 for *Pro Se* litigants. See *Burt v. F. Hennessey*, 929 F. 2d 457, 459 (9 th Circ. 1991).

[22] Plaintiff is not registered in any automatic response system like SUMAC. Therefore, all correspondence regarding this Complaint should be sent to the contact information provided in this document.

## CERTIFICATE OF SERVICE

I certify that on November 30, 2020, I sent a copy of the foregoing Second Amended Complaint to the email address of all counsel as they appeared below, and parties on record.

This the 30th day of November, 2020.

Luis S Arana Santiago
PRO SE[23]
P.O. Box 500
Orocovis, PR, 00720
arana2121@yahoo.com
(787) 624-9583

**NOLLA, PALOU & CASELLAS, LLC**
PO Box 195287
San Juan, PR 00919-5287
jmc@npclawyers.com

**SÁNCHEZ BETANCES SIFRE**
& MUÑOZ NOYA PSC
PO Box 195055
San Juan, PR 00919-5055
jflores@sbsmnlaw.com

---

[23] Plaintiff is not registered in any automatic response system like SUMAC or CM/ECF. Therefore, all correspondence regarding this Complaint should be sent to the contact information provided in this document.