UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

Luis Arana Santiago

**Plaintiff**

VS.

Luis Tapia Maldonado, in his personal capacity;
José Heredia Rodríguez; Vivian Vélez Vera;
Marisol Díaz Ocasio

**Defendants**

Civil No.:19cv02128 (SCC)

RE: Constitutional Rights
Torts

## MOTION IN OPPOSITION

TO THE HONORABLE COURT:

Plaintiff, Luis Arana Santiago, litigating pro se, hereby moves this Honorable Court to deny Mr. Josué N. Torres Crespo's appearance as attorney of record on behalf of co-defendants Luis Tapia-Maldonado, José Heredia- Rodríguez and Marisol Díaz- Ocasio ("co-defendants") in the above- captioned case. An Affidavit in support is attached.

### FACTUAL BACKGROUND

1. On February 24, 2021, Plaintiff asked this Honorable Court to impose Sanctions on co-defendants Luis Tapia-Maldonado, José Heredia- Rodríguez and Marisol Díaz-Ocasio, because according to some documents that the Plaintiff submitted to this

Court, it appears that the President of the University of Puerto Rico had been providing legal representation to said co-defendants without the authorization of the Secretary of Justice, in violation of Law No. 9 of November 26[1], 1975, amendments to Law 104 of June 29, 1955, known as *"Act on Claims and Suits against the Commonwealth"*.

2. On March 21, 2021, Mr. Josué N. Torres Crespo submitted to this Honorable Court a document entitled *"Notice of Appearance and Request of Extension of Time"*, in which he informed that "The Department of Justice" has assigned him as counsel to represent the co-defendants in the above-captioned case. Therefore, he requested this Court to allow his appearance as attorney of record on behalf of the co-defendants in the above-captioned case.

## LEGAL FRAMEWORK

## ACT NO.104

3. Act. No. 104, known as "Act on Claims and Suits against the Commonwealth", as amended by Act. No. 9 of November 26, 1975, provides legal representation of public employees under certain circumstances. Specifically, Act. No. 9 provides as follows:

> **Section 12** - *Lawsuits against officials and employees of the E.L.A.* (32 L.P.R.A § 3085)
>
> Every official, former official, employee or former employee of the Commonwealth of Puerto Rico that is sued for damages in its personal capacity, when the cause of action is based on alleged violations of the plaintiff's civil rights, due to acts or omissions incurred in good faith, in the course of their work and within the framework of their duties, may

---

[1] PR Laws Ann tit 32, §3077 et seq.

request that the Commonwealth of Puerto Rico provide legal representation and subsequently assume the payment of any sentence that may fall upon the public employee.

**Section 13** - *Legal representation of the Secretary of Justice.* (32 L.P.R.A § 3086)

Any officer, former officer, employee or former employee who is interested in being covered by the provisions of Article 12 of this law (32 L.P.R.A. § 3085) shall: (a) Request in writing legal representation from the Secretary of Justice stating the facts occurred before making any allegation. Provided, that in those cases where it is essential to make such an allegation to safeguard their rights or interests and needs to be filed within five (5) days of being summoned, the defendant may request legal representation from the Secretary of Justice after the responsive allegation but within ten (10) days of having been summoned. The Secretary of Justice may allow exceptions to this rule when there are causes that justify it; (b) Cooperate in good faith with the Secretary of Justice in the investigation that he conducts of the facts alleged in the lawsuit and also cooperate during all subsequent legal proceedings.

**Section 15** - *Acts or omissions not included.* (32 L.P.R.A § 3088)

The provisions of Articles 12 et seq. of this law (32 L.P.R.A. secs. 3085 et seq.) will not cover the following acts or omissions incurred by an official, former official, employee or former employee: (a) When they constitute a crime. (b) When they occur outside the framework of their official functions. (c) When there is inexcusable negligence. (d) When jurisprudentially a different rule of law has been established through final and firm sentence.

ACT NO. 146

4. In pertinent part, Chapter II of Act No. 146, known as "Puerto Rico Penal Code" provides as follows.

CHAPTER II –CRIMES AGAINST THE SECURITY OF TRANSACTIONS

Section 211 - *Forgery of documents*. (33 L.P.R.A. § 5281)

Any person who, for the purpose of defrauding, makes, in whole or in part, a document, false instrument or writing, by which it is created, transferred, terminated or otherwise affects any right, obligation or interest, or that **falsely alters**, limits, suppresses or destroys, totally or partially, **a true one** will be sanctioned with imprisonment for a fixed term of three (3) years. If the convicted person is a legal entity, it will be sanctioned with a fine of up to ten thousand dollars ($ 10,000). *Act No. 146 of July 30, 2012, as amended, known as "Penal Code of Puerto Rico" of 2012, Section 211. (Our emphasis.)*

Section 212 - *Ideological falsehood*. (33 L.P.R.A. § 5282)

Any person who with the purpose of defrauding make in a public or private document, **false statements concerning a fact to which the document attests** and, in the case of a private document, has legal effects to the detriment of another person, will be penalized imprisonment for a fixed term of three (3) years. If the convicted person is a legal person, it will be sanctioned with a fine of up to ten thousand dollars ($ 10,000). *Act No. 146 of July 30, 2012, as amended, known as "Penal Code of Puerto Rico" of 2012, Section 212 (Our Emphasis.)*

## GENERAL REGULATION OF THE UNIVERSITY OF PUERTO RICO

5. In pertinent part, the General Regulations of the University of Puerto Rico provide as follows:

Article 35 - **Disciplinary Actions**

Section 35.2 - Conduct Subject to Disciplinary Action

> **Section 35.2.8** - Acts that under the canons of moral responsibility prevailing in the community constitute immoral conduct.
>
> **Section 35.2.12 - Malicious alteration or falsification of grades, files, cards and other official documents of the University of Puerto Rico, of another University or the government, with the purpose of passing them as genuine and true, in order to obtain benefit in some university or university dependency or to achieve some illegal purpose. Likewise, it will be subject to disciplinary sanction to pass or circulate as genuine and true any document knowingly that it is false or it had being altered.** (*Our Emphasis.*)
>
> **Section 35.2.18** - Conduct that constitutes a crime under the laws of the Commonwealth of Puerto Rico and is detrimental to the good name of the University.
>
> **Section 35.2.19** - Violations of the University Law, the provisions of this Regulation and other university regulations.

6. As we have mentioned in the Complaint, the acts committed by co-defendants revolve around a fabrication of a sexual harassment complaint against the Plaintiff in which they bribed Plaintiff's students to help them to accomplish Plaintiff's termination

from his job. Defendants Marisol Díaz-Ocasio and Vivian Vélez-Vera were particularly mentioned by the students, and defendant José Heredia-Rodríguez knew that "some measures" were taken in order for the complainant student, Génesis Vélez-Feliciano, to be able to finish the semester. Defendant Luis Tapia-Maldonado knew or should have known about what happened when he succeeded defendant José Heredia-Rodríguez as acting rector of the University of Puerto Rico in Utuado[2].

7. Specifically, co-defendants are implicated in illicitly having changed students' failing grades of (F) to a passing grade of (C), in one of the courses taught by the Plaintiff, in violation of pertinent university regulations, namely, *Certification No. 40* of the Administrative Board of the University of Puerto Rico in Uuado. Through this illicit action, co-defendants enticed and guided the student Génesis Vélez-Feliciano to file a sexual harassment complaint against the Plaintiff, and secured the testimony against the Plaintiff of three (3) of her classmates.

8. It is Plaintiff's position that an illicit change of students' final grade is not an act made in good faith nor it was done within the framework of co-defendants duties. It is also Plaintiff's position that an illicit change of students' grades is a violation of Section 211 and Section 212 of the Puerto Rico Penal Code. Therefore, Section 15 (a), (b) and (c) of Act No. 104 makes the state's legal representation unavailable to the co-defendants, according to our opinion.

9. According to Act. No. 104, the defendants had until **March 10, 2020**, approximately, to ask for legal representation from "The Secretary of Justice" in the present case.

---

[2] The exact part played by each one of the co-defendants in the illicit change of grades of the students should be known after discovery.

10. However, on **March 21, 2021, more than a year later**, Mr. Josué N. Torres Crespo submitted to this Honorable Court a notice of appearance on behalf of the co-defendants and informed that "The Department of Justice" **has recently** assigned him the legal representation of the co-defendants in the present case. This is certainly in conflict with Section 13 of Act. No. 104.

11. As far as the Plaintiff knows, **no** Administrative Complaint was ever issued against the co-defendants by the University of Puerto Rico with the purpose of imposing disciplinary actions against them, even with all the possible violations they have committed against *The University of Puerto Rico General Regulations* as stated in paragraph five (5) above, and surely, no serious investigation was ever made about what happened[3], in spite of the **serious misconduct** in which the co-defendants are implicated.

12. On the other hand, is apparent that "The Department of Justice" is not interested in prosecuting the co-defendants for possible violations of Section 211 and Section 212 of the Puerto Rico Penal Code.

13. Consequently, so far the co-defendants have not been held accountable by the University of Puerto Rico or by the State for altering government documents, and have not been submitted to any administrative or judicial process related to their actions.

---

[3] In support of this, the Plaintiff was never invited to a hearing, even when he was the Professor in the course where the illicit change of grades happened.

14. It is Plaintiff's position that allowing Mr. Josué N. Torres Crespo to represent the co-defendants in the present case will be in conflict with Act No. 104 for the reasons that we have explained above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the present motion, and **deny** Mr. Josué N. Torres Crespo's petition to be allowed to represent the co-defendants in the present case.

This 23rd day of March 2021.

Luis S Arana Santiago
PRO SE
P.O. Box 500
Orocovis, PR, 00720
arana2121@yahoo.com
(787) 624-9583

# CERTIFICATE OF SERVICE

I certify that on March 23, 2021, I sent a copy of the foregoing "**MOTION IN OPPOSITION**" to the email address of all counsel and parties on record.

This the 23rd day of March 2021.

                                                  Luis S Arana Santiago
                                                  PRO SE[4]
                                                  P.O. Box 500
                                                  Orocovis, PR, 00720
                                                  arana2121@yahoo.com
                                                  (787) 624-9583

**NOLLA, PALOU & CASELLAS, LLC**
PO Box 195287
San Juan, PR 00919-5287
jmc@npclawyers.com

**JOSUÉ N. TORRES CRESPO**
USDC No.229805
Department of Justice of Puerto Rico
Federal Litigation Division
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
jntorres@justicia.pr.gov

**TANIA TORRES HALAIS**
Pirillo Law LLC
1550 Ponce de Leon Ave.
5th Floor
San Juan, PR 00909
ttorres@pirillolaw.com

---

[4] Plaintiff is not registered in any automatic response system like SUMAC or CM/ECF. Therefore, all correspondence regarding this Complaint should be sent to the contact information provided in this document.