IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

DR. LUIS S. ARANA-SANTIAGO,

Plaintiff,

v.

LUIS TAPIA-MALDONADO ET AL.,

Defendants.

CIV. NO.: 19-2128 (SCC)

**OPINION AND ORDER**

Plaintiff Dr. Luis S. Arana-Santiago brought this action pursuant to the Court's original jurisdiction against Defendants Luis Tapia-Maldonado, José Heredia-Rodríguez. Marisol Díaz-Ocasio and Vivian Vélez-Vera[1] for alleged constitutional violations under 42 U.S.C. § 1983 ("§ 1983"), 42 U.S.C. § 1985(3) ("§ 1985(3)") and, pursuant to the Court's supplemental jurisdiction, violations of the Puerto Rico Constitution and the Puerto Rico Civil Code. Pending before the Court is Defendants Tapia, Heredia and Díaz's Motion to

---

[1] Plaintiff also originally brought this action against Dr. María Rodríguez-Sierra but has since removed her as a defendant to this action in the Second Amended Complaint, which is the operative complaint at this time. *See* Docket Nos. 1, 22.

Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and 12(b)(6) ("Rule 12(b)(6)"), to which Defendant Vélez joined. *See* Docket Nos. 24, 26. Plaintiff opposed. *See* Docket No. 25. For the reasons stated herein, Defendants' Motion to Dismiss is GRANTED.

## I. Factual and Procedural Background

Plaintiff is a former tenured professor at the University of Puerto Rico in Utuado, Puerto Rico (the "University"). *See* Docket No. 22, pg. 3. In the academic year of 2017-2018, he was chosen to teach a pre-calculus course, a decision to which Defendant Vélez, the then-acting Dean of Academic Affairs, allegedly opposed. *See id.* at pg. 4. Plaintiff also alleges that, by the last day for students to partially withdraw from their courses, all eight of the students enrolled in the pre-calculus course were failing. *See id.* at pg. 5. The students went to Defendant Vélez seeking her intervention with Plaintiff to prevent their imminent failure. *See id.* Later that day, Defendant Vélez and Dr. Rodríguez asked Plaintiff if "something could be done" about the students failing his course. *See id.* Plaintiff replied in the negative and assigned the students a failing of grade of "F." *See id.*

Shortly after the students' meeting with Defendant Vélez and Dr. Rodríguez, a female student made a complaint of sexual harassment against Plaintiff to Defendant Vélez and

Dr. Rodríguez. *See id.* at pg. 6. Defendants Vélez and Díaz, the student advocacy officer at the time, conducted an informal investigation into the complaint. *See id.* at pg. 7. This evolved into a formal administrative complaint against Plaintiff, which was issued by the acting rector of the University at the time, Defendant Heredia, on behalf of the University. *See id.* at pg. 6. By the time Plaintiff received the administrative complaint and a formal investigation had been conducted, Defendant Tapia had succeeded Defendant Heredia as rector. *See id.* at pg. 7. A hearing was eventually held in the fall of 2019, for which Plaintiff hired legal counsel, who presented at least twenty violations of University regulations and due process by Defendants. *See id.* at pg. 8. At the hearing, Plaintiff discovered that the University had changed the students' failing grade of "F" to a passing grade of "C," allegedly with the help of Defendants Vélez and Díaz. *See id.* at pg. 10. After the hearing, the examining officer determined that the accusations of sexual harassment against Plaintiff were not properly proven, his alleged conduct was not sexual in nature and recommended that the rector dismiss all of the charges against Plaintiff in the administrative complaint. *See id.* at pg. 11. The examining officer also found that the procedure outlined in University regulations was not followed by the officials who conducted the investigation against Plaintiff. *See id.* Plaintiff alleges that, despite this recommendation,

Defendant Tapia terminated Plaintiff's employment with the University. *See id.*

Plaintiff further alleges that, prior to these incidents, he had been appointed to teach two courses during the summer of 2018 and, in retaliation for Plaintiff failing the students in his pre-calculus course, Defendant Heredia denied Plaintiff the opportunity to teach those courses. *See id.* at pg. 7. He also alleges that Defendant Tapia refused to assign courses to Plaintiff in the summer of 2019 in light of the ongoing investigation against him. *See id.* at pg. 10. Plaintiff alleges that, at some point in 2019, Defendant Tapia had restricted Plaintiff's entry to the University and on several occasions University guards stopped Plaintiff from entering the campus, even escorting him to his office in a golf cart. *See id.* at pg. 9. On one occasion, Plaintiff was told to leave the premises altogether. *See id.* at 10.

Plaintiff brought his action under § 1983 against Defendants alleging violations of his rights under the Fourteenth Amendment of the U.S. Constitution. Specifically, Plaintiff alleges that Defendants violated his property and liberty interests under the Due Process Clause by denying him the opportunity to teach summer courses in 2018, denying him entrance to the University campus, damaging his reputation and terminating his employment without sufficient due process. Plaintiff also seems to allege that

Defendants violated the Equal Protection Clause by putting him through an administrative investigation that was based on retaliation rather than legitimate charges. He also alleges a civil rights conspiracy in violation of § 1985(3), violations of the First Amendment of the Constitution for interference with his right to peaceful assembly and various violations of the Constitution of Puerto Rico and the Puerto Rico Civil Code.

Defendants moved to dismiss the Second Amended Complaint, arguing that the Court lacks subject matter jurisdiction over Plaintiff's claims and that Plaintiff has failed to allege an actionable constitutional violation. They also argue that they are immune to those claims based on the doctrine of qualified immunity, that Plaintiff has not exhausted all post-deprivation remedies and that certain claims are time-barred.[2]

## II.  Standard of Review

Defendants move to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Because dismissal under these two rules takes into consideration "the same basic principles," we need only articulate those principles once, under the well-

---

[2] Because we find that Plaintiff has not sufficiently alleged a constitutional violation and therefore dismiss his claims on the merits, we do not address the validity of these defenses.

established Rule 12(b)(6) standard. *Lyman v. Baker*, 954 F.3d 351, 359-60 (1st Cir. 2020).

The First Circuit has devised a two-step analysis for considering a Rule 12(b)(6) motion to dismiss under the context-based "plausibility" standard established by the Supreme Court. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (discussing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). First, the court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz c. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). While a complaint need not give detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79.

Second, the court must then "take the complaint's well-[pleaded] (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Schatz*, 669 F.3d at 55. Plausible means something more than merely possible, an assessment the court makes by drawing on its judicial experience and common sense. *Id*. (citing *Iqbal*, 556 U.S. at 678-79). To survive a Rule 12(b)(6) motion, a plaintiff must allege more than a mere "formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555. However, the Supreme Court has clarified that it does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

### III.  Analysis

Plaintiff launches a plethora of claims under the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment, as well as the First Amendment's right to peaceful assembly, all under § 1983[3]; a civil rights conspiracy under § 1985(3); and several state-law claims. We address each provision in turn.

  A. *Due Process Clause*

Plaintiff alleges that Defendant Heredia's denial of Plaintiff's opportunity to teach summer classes in 2018, his denial of entry to the University and the resulting damaging of his reputation and his ultimate termination by Defendant Tapia violate his property and liberty interests under both substantive and procedural due process afforded by the Fourteenth Amendment.  While we find that these first three alleged interests are not constitutionally-protected interests, we conclude that his termination by Defendant Tapia did interfere with a property interested protected by the

---

[3] To clarify, § 1983 does not create any independent substantive rights; rather, it is a procedural vehicle to vindicate "other federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 145 (1979).

Fourteenth Amendment and we therefore limit our analysis to that claim.

The due process guarantee includes both procedural and substantive aspects. *See Parker v. Hurley*, 514 F.3d 87, 101 (1st Cir. 2008). In order to establish a procedural due process claim under § 1983, a plaintiff "must allege first that it has a property interest as defined by state law and, second, that the defendants, acting under color of state law, deprived it of that property interest without constitutionally adequate process." *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 8 (1st Cir. 2007); *see also Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950) (explaining that an essential principle of due process is that a deprivation of life, liberty or property "be preceded by notice and opportunity for hearing appropriate to the nature of the case"). To establish a constitutionally protected interest in public employment, a plaintiff must demonstrate that she has a legally-recognized expectation that she will retain her position. *Santana v. Calderon*, 342 F.3d 18, 24 (1st Cir. 2003). Under the laws of Puerto Rico, "career or tenured employees have property rights in their continued employment." *Id.* (citing *Gonzalez-De-Blasini v. Family Dep't*, 377 F.3d 81, 86 (1st Cir. 2004); *Figueroa-Serrano v. Ramos-Alverio*, 221 F.3d 1, 7 (1st Cir. 2000) (*Kauffman v. P.R. Tel. Co.*, 841 F.2d 1169, 1173 (1st Cir. 1988)).

Because the parties do not dispute that Plaintiff was a tenured professor at the University, and therefore possessed a constitutionally-protected property interest in his employment,[4] our inquiry is limited to whether he received constitutionally adequate due process before his termination. We find that he did. Due process requires that the pre-termination hearing fulfill the purpose of "an initial check against mistaken decisions – essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Cepero-Rivera v. Fagundo*, 41 F.3d 124, 135 (1st Cir. 2005) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545-46 (1985)); *see also Gorman v. Univ. of Rhode Island*, 837 F.2d 7, 12 (1st Cir. 1988) (explaining that a pre-termination hearing is considered "fair" if the individual to be discharged has the "opportunity to respond, explain and defend").

Here, Plaintiff was subjected to years-long procedural process, and therefore given substantial notice of the possibility of his termination, as a result of a claim of sexual harassment against him. A hearing was conducted, at which Plaintiff was represented by counsel and was able to fully refute the charge before University officials. Student testimony as to Plaintiff's conduct was given and the merits

---

[4] Indeed, Defendants directly concede as much in their Motion to Dismiss. *See* Docket No. 24, pg. 8.

of the claims against him were fully analyzed. Though Defendant Tapia decided to terminate Plaintiff despite the recommendation by the examining officer that the charges be dropped, such action does not take away from the fact that Plaintiff was afforded thorough due process that led to Defendant's Tapia's decision.

Plaintiff also argues that his termination was in violation of substantive due process. The First Circuit has recognized two approaches to substantive due process claims: (1) the "conscious-shocking acts" approach, under which a plaintiff can allege a violation of substantive due process without having to show the violation of a specific liberty or property interest, but only if the state's conduct is "conscience shocking"; and (2) "arbitrary and capricious acts" approach, under which a plaintiff must demonstrate a violation of an identified liberty or property interest protected by the due process clause. *Pandolfi de Rinaldis v. LLavona*, 62 F. Supp. 2d 426, 433 (D.P.R. 1999) (citations omitted). The first approach is inapplicable, as Plaintiff has shown a violation of a specific property interest. Regarding the second approach, Defendant had been subject to a claim of sexual harassment and a protracted and very public investigation ensued. While, again, the examining officer recommended the charges be dismissed after the hearing, we do not find Defendant Tapia's decision to terminate Plaintiff to be arbitrary and capricious

Case 3:19-cv-02128-SCC   Document 40   Filed 06/03/21   Page 11 of 14

ARANA-SANTIAGO v. TAPIA-MALDONADO ET AL.                                        Page 11

given the complicated circumstances. The crux of Plaintiff's due process claim is essentially an appeal of the University's administrative decision; unfortunately, this Court is not the appropriate forum for such a review. While University guidelines may not have been followed, we cannot say that Plaintiff was deprived of constitutional due process – a decision that is within the purview of this Court. Therefore, Plaintiff has failed to allege a violation of his substantive due process rights sufficient to survive the strictures of Rule 12(b)(6).

B. *Equal Protection Clause*

The Equal Protection Clause requires states to treat alike all persons similarly situated. *Plyler v.* Doe, 457 U.S. 202, 216 (1982). Thus, a requirement for stating a claim under that Clause is that "the plaintiff make a plausible showing that he or she was treated differently from others similarly situated." *Estate of Bennett v. Wainwright*, 548 F.3d 155, 166 (1st Cir. 2008). To survive a motion to dismiss, an equal protection claim "must outline facts sufficient to convey specific instances of unlawful discrimination," and a plaintiff "may not prevail by asserting an inequity and tacking on the self-serving conclusion that the defendant was motivated by discriminatory animus." *Coyne v. City of Somerville*, 972 F.2d 440, 444 (1st Cir. 1992) (internal quotations omitted).

Here, Plaintiff alleges that the violations of the Equal Protection Clause perpetrated by Defendants were that they subjected him to an administrative process that was in violation of University regulations and that he was fired from his employment despite being found not guilty of those charges. Such a claim is not cognizable under the Equal Protection Clause; Plaintiff must claim that he was treated differently from others similarly situated, *i.e.*, that he was not protected equally under the law. His failure to do so rings the death knell to his Equal Protection Clause claims.

C. *First Amendment Right to Peaceful Assembly*

The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people peaceably to assemble . . . ." U.S. Const. Amend. I. However, Defendant has not alleged how his walking onto the University campus to go about his day-to-day job constitutes protected "peaceable assembly" under the First Amendment. In fact, Plaintiff has not developed his peaceable assembly claims at all in his pleadings and we therefore decline to embark on the complicated journey that is First Amendment analysis. Plaintiff's claim under this provision constitutes the kind of conclusory allegation barred by Rule 12(b)(6) and therefore fails.

D. *Civil Rights Conspiracy under § 1985(3)*

The First Circuit has held that a claim under § 1985(3) must contain four elements: (1) a conspiracy; (2) a conspirational purpose to deprive the plaintiff of the equal protection of the laws; (3) an overt act in furtherance of the conspiracy; and (4) either injury to person or property, or a deprivation of a constitutionally protected right. *Pérez-Sánchez v. Pub. Bldg. Auth.*, 531 F.3d 104, 107 (1st Cir. 2008) (citing *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996)). It has long been established that the second element – the intent to deprive the plaintiff of equal protection – requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Plaintiff here makes no such allegation; his § 1985(3) claim is based solely on an alleged personal vendetta against Plaintiff rather than Plaintiff's membership within any protected class. For that reason, it must fail.

E. *Pendant State-Law Claims*

Having addressed all of Plaintiff's federal-law claims, all that remains are his claims under the Puerto Rico Constitution and Puerto Rico tort law. The Court has supplemental jurisdiction to hear state-law claims when, and if, the federal court has original jurisdiction in the action and the claims "form part of the same case or controversy." 28 U.S.C. §

1367(a). However, the Court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." *Id.* at § 1367(c)(3); *see also Redondo Const. Corp. v. Izquierdo*, 662 F.3d 42, 49 (1st Cir. 2011). Having dismissed all of Plaintiff's claims over which the Court has original jurisdiction, we, in our discretion, decline to exercise jurisdiction over the pendant state-law claims.

## IV. Conclusion

For the reasons set forth above the Defendants' Motion to Dismiss at Docket Number 24 is GRANTED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of June, 2021.

<div style="margin-left:3em">

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE

</div>